WILLIAM H. BLODGETT *v.* TOWN OF SPRINGFIELD.

*Soldier's Bounty.   General Offer.   Construction of Vote.*

A vote "that the town pay a bounty of not exceeding $500 each to a sufficient number of men to fill the town quota under the present call, and that the veterans already re-enlisted be included, provided that they can count to the credit of the town on the last call," &c., *held* not to be a general offer to any person complying with its terms; therefore a veteran re-enlisting without any bargain with the town and without knowledge of the vote at the time of the re-enlistment, though credited to the town on the quota named, is not entitled to a bounty under the vote.

ASSUMPSIT, to recover a town bounty under the vote and upon the facts stated in the opinion of the court. Plea, the general issue, and notice. Trial by the court, BARRETT, J., presiding, May term, 1870. Judgment for the defendant. Exceptions by the plaintiff.

The only question made was on the construction of the vote, whether it was an undertaking on the part of the town with any persons, who should count on the quota under the call, to pay them a bounty of $500.

*Gilbert A. Davis*, for the plaintiff.

*J. W. Pierce*, for the defendant.

The opinion of the court was delivered by

Ross, J. The plaintiff seeks to recover a bounty under the following vote of the town:

" *Voted*, That the town pay a bounty of not exceeding $500 each to a sufficient number of men to fill the town quota under the present call, and that the veterans already re-enlisted be included, provided that they can count to the credit of the town on the last call of the President for 500,000 men."

The plaintiff was a veteran, and re-enlisted in the field, without any bargain with the town or its officers, other than that produced by the effect of the vote, and without any knowledge of the vote at the time of his re-enlistment. He was duly credited to the town on the quota named. He claims this vote is, in effect, a general offer of a bounty of $500 to any person who complied with its terms. If it is such an offer, unquestionably the plaintiff has complied with its terms so that, under the decisions in this state, he is entitled to the bounty named. We think the vote cannot be construed into a general offer of a bounty of $500 to all who should comply with its terms. There is a marked difference between an absolute offer of $500, and an offer of a bounty not exceeding $500. The former is definite and fixed, and can be satisfied, if accepted, only by the payment of $500. The latter is indefinite and variable, and capable of satisfaction with any sum less than $500. It cannot be accepted so as to create an obligation to pay any definite sum without further negotiation. It seems to have been passed rather to fix a limit which the town would not allow its officers to pass in the payment of bounties, than as a general offer of a particular sum which the town would pay to any one who should accept and comply with its terms in other respects. It confers upon the town officers, not upon the soldier, the right and power of determining the sum, within the prescribed limit, which the town will pay to each man who shall help fill the town quota. The fair construction of the vote does not place veterans upon any different basis, in regard to bounties, than fresh volunteers. As if to remove all doubt, it declares that they shall be included if they can count on the call to the credit of the town. It is well known that, at one time during the war, doubts were entertained whether men who had been once counted to the credit of a town could, on re-enlistment, be again counted. The vote in effect states, if these doubts are removed, the town, through its officers, is ready to negotiate

with that class of men, though already re-enlisted, for their credit to the town, on the same terms they negotiate for fresh volunteers.

As this view of the vote is decisive of the case, we have not considered the other questions raised by the exceptions.

Judgment affirmed.